THE STATE OF CONNECTICUT *vs*. ROCCO PANUCCI.

* First Judicial District, Hartford, May Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

Upon a trial for murder the State introduced evidence that the accused, after heated words with his victim accompanied with one or more blows, left the room, went into an adjoining bedroom, got a loaded revolver from a bureau, and then returned and shot the decedent. *Held* that this warranted the jury in finding that the killing, which was not disputed, was malicious.

Submitted on briefs May 7th—decided June 10th, 1920.

INDICTMENT for murder in the first degree, brought to the Superior Court in New Haven County and tried to the jury before *Keeler, J.;* verdict and judgment of guilty of murder in the second degree, and appeal by the accused. *No error*.

*Francis P. Guilfoile* and *Joseph C. Guilfoile*, for the appellant (the accused).

*Terrence F. Carmody*, State's Attorney, for the appellee (the State).

PER CURIAM. After verdict the accused moved to set it aside as against the evidence. This motion was

---

* Transferred from the third judicial district.

denied, and the only reason of appeal is one complaining of the denial.

The accused admitted that he fired the shots, one or two of which hit Morino and caused his death. Upon the evidence the jury reasonably could have found that the killing, thus occasioned, was neither accidental, justifiable, nor without malice. It surely could not have found that it was accidental, and the fact, abundantly established by the testimony, that the accused, after a wordy altercation with his victim, in the course of which a blow or blows were struck, left the room in which that altercation occurred, went into an adjoining bedroom, obtained a loaded revolver from a bureau therein, and returned with it to the room which he had left, to open fire upon his victim, was too persuasive that the accused's conduct was actuated by malice to be overcome in the mind of a trier by the most unsatisfactory testimony which was presented to give a different color to his conduct. At least the jury reasonably could have refused to accept this testimony as giving such color, and find upon the evidence that the admitted killing was with malice.

There is no error.